UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CATHEY HARTZ <br>    Plaintiff <br><br> vs. <br><br> MARIO BIANCHI, individually and as Secretary of FCS, INC. and <br> BRUCE COHEN, individually and as President of FCS, INC. and FINANCIAL CREDIT SERVICE, INC. d.b.a ASSET RECOVERY ASSOCIATES, INC., <br>    Defendants | § § § § § § § § § § § § § | CIVIL ACTION NO. 4:18-cv-3017 <br><br> JURY DEMAND |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

    COMES NOW Cathey Hartz, Plaintiff in the above-numbered and styled case, complaining of and against FCS, Inc., (also known as Financial Credit Service, Inc. and Asset Recovery Associates) and Bruce Cohen and Mario Bianchi Defendants, and for cause of action would respectfully state the following:

**I. INTRODCUTION**

    1.    This is an action for damages brought by an individual consumer alleging that Defendant has violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* (hereinafter "FDCPA"), the Texas Debt Collection Act, Tex. Fin. Code § 392.301 *et. seq.* (hereinafter "TDCA"), and the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code §

17.41 *et. seq.* (hereinafter "DTPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.[1]

## II. JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Venue in this District is proper in that the Defendant transacts business here and/or the conduct complained of occurred here.

## III. PARTIES

3.      Plaintiff, Cathey Hartz, is an individual residing at 30 Floral Hills Lane, Fulshear, Texas 77441.

4.      Defendant, FCS, Inc. (hereinafter "FCS"), is a foreign corporation engaged in the business of collecting debts in this state with its principal place of business located at 1919 S. Highland Avenue, Suite 225A, Lombard, Illinois 60148. The principal purpose of Defendant FCS is the collection of debts using the mail, and Defendant FCS regularly attempts to collect debts alleged to be due another. FCS may be served through the Texas Secretary of State's office, since it has no registered agent in Texas.

5.      Defendant FCS is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

---

[1] The consumer rights violations asserted in this lawsuit were set in place by the respective legislatures of the United States of America and the State of Texas in efforts to protect consumers against debt collection harassment and abuse. Each of the Defendants named in this Complaint has faced similar litigation, including enforcement actions brought by the Federal Trade Commission and the Illinois Attorney General for similar violations of debt collection laws as alleged and settled in *United States of America v. Mario Bianchi, et. al.,* Case No. 04C50147 in the United States District Court for the Northern District of Illinois, Western Division and *People of the State of Illinois v. Bruce Cohen, Mario Bianchi, and Financial Credit Service, Inc.*, Case No. 2006-CH-09914 in the First Municipal Court, Chancery Division, Cook County, Illinois.

6. Defendant FCS is a "debt collector" as defined in Tex. Fin. Code § 392.001(6) and "third-party debt collector" as defined in Tex. Fin. Code § 392.001(7).

7. Defendant Bruce Cohen (hereinafter "Cohen") SSN xxx-xx-4962 is an individual and President of FCS engaged in the business of collecting debts in this state with his principal place of business located at 1919 S. Highland Avenue, Suite 225A, Lombard, Illinois 60148. The principal purpose of Defendant Cohen is the collection of debts using the mail, and Defendant Cohen regularly attempts to collect debts alleged to be due another. Cohen may be served at his residence at 8703 West Stolting Road, Niles, Illinois 60714, or at his place of employment at 1919 S. Highland Avenue, Suite 225A, Lombard, Illinois 60148, or wherever he may be found.

8. Defendant Cohen is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

9. Defendant Cohen is a "debt collector" as defined in Tex. Fin. Code § 392.001(6) and "third-party debt collector" as defined in Tex. Fin. Code § 392.001(7).

10. Defendant Mario Bianchi (hereinafter "Bianchi") SSN xxx-xx-7108 is an individual and Secretary of FCS engaged in the business of collecting debts in this state with his principal place of business located at 1919 S. Highland Avenue, Suite 225A, Lombard, Illinois 60148. The principal purpose of Defendant Bianchi is the collection of debts using the mail, and Defendant Bianchi regularly attempts to collect debts alleged to be due another. Bianchi may be served at his place of employment at 1919 S. Highland Avenue, Suite 225A, Lombard, Illinois 60148 or wherever he may be found. Bianchi may be served at a residence he maintains at 26010 Silver Cloud Drive, San Antonio, Texas 78260.

11. Defendant Bianchi is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

12. Defendant Bianchi is a "debt collector" as defined in Tex. Fin. Code § 392.001(6) and "third-party debt collector" as defined in Tex. Fin. Code § 392.001(7).

## IV. FACTUAL ALLEGATIONS

13. In the late summer of 2017 Plaintiff received a call from a person stating they represented ARA, Inc. ARA is also known as and hereafter referred to as FCS. The employee stated that FCS owned a debt relating to a First USA Visa credit card that had been in Plaintiff's name. The employee stated that Plaintiff owned 22,458.27 dollars on the account including interest and fees.

14. The employee of FCS used a variety of threats to coerce Plaintiff into paying on the debt, including but not limited to freezing her bank accounts, filing judgment liens against her, and contacting her credit card company. The employee also stated that Plaintiff had thirty days to pay on the debt or they would take further action against her.

15. Shortly thereafter, Plaintiff received a letter from ARA Inc. regarding the debt from the alleged First USA Visa credit card. The letter referenced First USA Bank as the original creditor and stated the 'current balance' on the account as 22,458.27 dollars. The letter states "[t]his letter is to inform you that ARA Inc. has recently obtained and is now the legal owner of your First Usa Bank Account. All obligations regarding this debt and any applicable interest and or fees have been fully transferred to this office. As of today, you own **$22,458.27,** which is now due in full."

16. The letter also states that "[i]f you are unable to pay the entire balance in full, please call Mark Farmer at ext. 3402 Monday - Friday 8:00am - 5:00 pm central to discuss acceptable payment arrangements..." The letter is further signed as being from Mark Farmer.

17. The footer to the letter states "This is an attempt to collect a debt. Any information obtained will be used for that purpose. Unless you notify this office within 30 days after receiving

this notice that you dispute the validity of this debt or any portion thereof, this office will assume that the debt is valid.  If you notify this office in writing within 30 days of receiving this notice, that you dispute the validity of the debt or any portions thereof, this office will obtain a copy of a judgement [sic] and mail you a copy of such verification.  If you request in writing, within 30 days after receiving this notice, this office will provide you the name and address of the ORIGINAL CREDITOR, if different than the ORGINAL CREDITOR."

18.  The footer does not state that FCS would send Plaintiff a copy of the verification of the debt.  Instead it states that FCS would send the plaintiff a copy of a judgment.  There currently exists no judgment against Plaintiff on the alleged debt.

19.  As late as September 30, 2017, Plaintiff continued to receive debt collection phone calls from FCS.

20.  Back on October 20, 1998, Plaintiff, then named Cathy Elaine Bostic, filed for bankruptcy under Title 11 U.S.C in the Southern District of West Virginia (Charleston).  Among the creditors listed in the bankruptcy proceedings was First USA Visa.  On March 3, 1999 that court entered a discharge order releasing Plaintiff from all dischargeable debts under 11 U.S.C. §§ 727, 523, and 524.  On April 4, 1999 the case was closed by Judge Ronald Pearson.

## V. RESPONDEAT SUPERIOR

21.  The collectors at FCS were employees and agents of the Defendants FCS, Cohen, Bianchi, and other management at FCS.  The collectors at FCS were acting within the course and scope of their employment at all times relevant to this matter.

22.  The collectors at FCS were under the direct supervision and control of Defendants Cohen, Bianchi, and other management at FCS at all times relevant to this matter.

23. The actions of the collectors at FCS are imputed to their employers, Defendants FCS, Cohen, Bianchi, and other management at FCS.

24. As a direct and proximate result of the aforementioned actions, Plaintiff has suffered the aforementioned damages.

## VI. CLAIM FOR RELIEF UNDER FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiff incorporates paragraphs 1-24 above.

26. Defendant FCS violated the FDCPA by threatening the Plaintiff with a civil lawsuit or criminal prosecution requiring restitution in violation of 15 U.S.C. § 1692e(4), (5), (7) and (10).

27. As a result of these violations of the FDCPA, Defendant is liable to the Plaintiff for actual damages, statutory damages, and costs and attorney's fees.

## VII. CLAIM FOR RELIEF UNDER THE TEXAS DEBT COLLECTION ACT AND TEXAS DECEPTIVE TRADE PRACTICES ACT

28. Plaintiff incorporates paragraphs 1-24 above.

29. Defendant FCS violated the TDCA by misrepresenting that Plaintiff committed a crime requiring restitution in violation of Tex. Fin. Code § 392.301(a)(2) and (6).

30. Defendant violated the TDCA by using false and deceptive means in order to induce Plaintiff to make payments on the account in violation of Tex. Fin. Code § 392.304(a)(19).

31. Defendant violated the TDCA, Tex. Fin. Code § 392.101, which prohibits third-party debt collectors from engaging in debt collection unless it has obtained a surety bond filed with the Texas Secretary of State.

32. As a result of these violations of the TDCA, Defendant is liable to the Plaintiff for actual damages, statutory damages, and costs and attorney's fees.

33. Because violations of the TDCA constitute deceptive trade practices under Tex.

Fin. Code § 392.404(a), Defendant has also violated the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code § 17.41 et. seq. Furthermore, because the Defendant acted knowingly and/or intentionally Plaintiff is entitled to additional damages under the DTPA.

## VIII. COMMON LAW FRAUD

34. Plaintiff incorporates paragraphs 1-24 above.

35. The representations made by Defendants, as alleged in this Complaint, were false. The false representations made by the Defendants included, but were not limited to the representation that they would freeze Plaintiff's bank accounts and file liens against Plaintiff despite the fact that those actions were time barred under Texas law.

36. The representations made by Defendants were material to the Plaintiff's decision to seek and pay for legal counsel. In particular, the Defendants asserted that they would freeze Plaintiff's bank accounts and file judgment liens against Plaintiff despite the fact that these actions are time barred under Texas law.

37. When the Defendants made the representation, the Defendants knew it was false or made the representation recklessly and without knowledge of its truth.

38. The Defendant made the representations with the intent that the Plaintiff act on them. The representations and threats made by the Defendant were expressly calculated to induce Plaintiff into paying the Defendant.

39. The Plaintiff relied on the representations.

40. The representations caused the Plaintiff injury by forcing Plaintiff to seek out and obtain legal counsel in her defense. In addition, the actions of the Defendant have caused the Plaintiff to suffer mental anguish and stress.

41. The conduct of Defendants was willful, wanton, malicious, with intent to defraud, and was outrageous by reason of evil motive and/or conscious indifference to, or reckless disregard for Plaintiff's rights, and without just cause or excuse, such that punitive and exemplary damages should be assessed against Defendants to punish them and deter them and other from like conduct.

## IX. JURY DEMAND

42. Plaintiff demands a jury trial.

## X. PRAYER

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and Tex. Fin. Code § 392.403(a)(2) and Tex. Bus. & Com. Code § 17.50(b)(1);

B. Treble economic damages for knowingly and intentionally committing violations of the DTPA under Tex. Bus. & Comm. Code § 17.50(b)(1);

C. Statutory damages pursuant to 15 U.S.C. § 1692(k)(a) and Tex. Fin. Code § 392.403(a)(2);

D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k)(a)(3) and Tex. Fin. Code § 392.403(b) and Tex. Bus. & Com. Code § 17.50(d), including fees in the event of appeal;

E. Additional damages pursuant to Tex. Bus. & Com. Code § 17.50(b)(1),

F. Punitive and exemplary damages under a theory of fraud, and

G. Such other and further relief as may be just and proper.

Respectfully submitted,

/s/ Dana Karni
Dana Karni
Texas Bar No. 24044379
SDTX Bar No. 592484
Dana@KarniLawFirm.com

/s/ Zachary McArthur
Zachary McArthur
Texas Bar No. 24102168
SDTX Bar No. 3146069
Zachary@KarniLawFirm.com

KARNI LAW FIRM, P.C.
4635 Southwest Freeway
Suite 645
Houston, Texas 77027
Tel:    713-552-0008
Fax:    713-454-7247